IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,      CASE NO. 8:16-Cr-333-T-33MAP

v.

MICHAEL WILSON
_____

**MOTION TO EXCLUDE TESTIMONY/EVIDENCE**

COMES NOW the Defendant, MICHAEL WILSON, who, by and through undersigned counsel, files this *Motion to Exclude Testimony/Evidence*, requesting that this Honorable Court prohibit the United States of America, as well as any witness, from presenting any testimony, argument, or evidence regarding the matters set forth in the respective *motions in limine* that follow.

Preliminary Statement

Michael Wilson ("Wilson") has been charged in a single-count indictment with being a convicted felon who knowingly possessed, in and affecting interstate and foreign commerce, a firearm and ammunition (*i.e.*, felon in possession).[1] The indictment is a consequence deputies with the Pasco County Sheriff's Office

---

[1] As set forth in the pattern jury instructions, Wilson can be found guilty of this crime only if all of the following facts are proven beyond a reasonable doubt:

   (1) Wilson knowingly possessed a firearm in or affecting interstate or foreign commerce; and

   (2) before possessing the firearm, Wilson had been convicted of a felony – a crime punishable by imprisonment for more than one year.

*See* Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2010.

executing a search warrant during the early morning hours of December 11, 2015. At the time of executing the warrant, Wilson, along with several others, would be found inside of the residence. Various items were seized from within the residence, including, but not limited to, firearms, illegal drugs, a digital scale, and Ziploc baggies.

The United States of America, by A. Lee Bentley III, United States Attorney for the Middle District of Florida ("United States" and/or "Government"), has not provided a notice of intent to introduce evidence of other crimes, wrongs or acts of the defendant.[2] However, in emails of September 21 and 23, 2016 the United States provided it intended to introduce trial testimony asserting that Wilson was a drug dealer, that drugs and drug items were found in the bedroom where he was located, that he is a member of a white supremacist group (*i.e.*, gang), and that the bedroom where he was located contained various white supremacist type belongings such as a tee shirt with "WHITE PRIDE" and various items bearing swastika emblems—all, according to the United States, demonstrating that the bedroom where the firearm and ammunition were located belonged to Wilson. The government also contends that Wilson, his body laden with tattoos described as supremacist oriented, has previously spewed out the term "Heil Hitler," has contacted potential witnesses (in an attempt to intimidate them), and was located in the same bedroom where a sheet of paper, containing various notations of monetary denominations, was also found.

The matters sought to be introduced into evidence by the United States should be excluded because they are not relevant. *See* Rule 401, Fed. R. Evi. The

---

[2] *See* Rule 404(b), Fed. R. Evid.

matters sought to be introduced do not have a tendency to make the existence of any fact that is of consequence to the determination of whether Wilson possessed a firearm and ammunition *more probable* or *less probable* than it would be without the evidence. *See United States v. Matthews*, 431 F.3d 1296, 1309 (11th Cir. 2005). If, however, there is a determination that the matters are relevant, the probative value of said matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Rule 401, Fed. R. Evi. As noted by our Supreme Court in *Old Chief v. United States*, 519 U.S. 172 (1997), "'[u]nfair prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one."

In *United States v. Lehder-Rivas*, 955 F.2d 1510 (11th Cir. 1992), the Eleventh Circuit was confronted with an appeal claiming unfair prejudice when evidence of a defendant's pre-occupation with Hitler and The Third Reich was admitted at the trial. The Eleventh Circuit held in that case that the evidence revealed that the defendant sought to mimic Hitler's organizational methods in creating a drug empire and also wanted to destroy America through his importation of drugs into the country. In the instant case, such factors are not at play—there is no mimicking of Hitler or his organizational methods. In *Lehder-Rivas*, the court further determined that the government had, however, gone too far in introducing evidence that the defendant in that case wanted to mark his kilos of cocaine with a swastika. Though the government contended that this "corroborated" other evidence, the court observed that, "Mere corroboration of testimony, however, fails to justify the introduction of unrelated bad acts." *United States v. Lehder-Rivas*, 955 F.2d 1510 (11th

Cir. 1992). In *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002), a case in which the defendant was charged with various crimes associated with the Outlaws Motorcycle Gang (of which he was the leader), the trial court allowed the government to publish a portion of the club's constitution which provided that "only whites may become members." The Eleventh Circuit condemned the practice, concluding the probative value was outweighed by the prejudicial impact it had on the jury. "The uneasy racial history of criminal law in the United States has yielded a simple rule-of-thumb" 'There is no place in a criminal prosecution for gratuitous reference to race, especially when a defendant's life hangs in the balance. Elementary concepts of equal protection and due process alike forbid a prosecutor to seek to procure a verdict on the basis of racial animosity." *United States v. Bowman*, 302 F.3d 1228, 1240 (11th Cir. 2002).

Discovery, thus far, has revealed no satisfactorily measurable evidence that Wilson is a member of a white supremacist group. The evidence has revealed the existence of a tee shirt with "WHITE PRIDE" hanging near a closet, and several relics bearing swastika emblems. Nevertheless, even if there was corroborating evidence that Wilson is a member of a group espousing views of "WHITE PRIDE," adoration for Nazism or Nazi relics, or an allegiance to white separatist views, Wilson has the constitutionally protected prerogative to have such membership or to espouse such views.[3]

Respectfully submitted this 27th day of September, 2016.

---

[3] While some may find separatist views or the like to be morally reprehensible, such views if not acted upon in a criminal way, are protected.

**IRVIN LAW FIRM**

/s/ *Grady C. Irvin, Jr.*
_____
Grady C. Irvin, Jr.
FBN: 0006548
1207 N. Himes Ave., Suite 4
Tampa, Florida 33607
Telephone: 813.554.3282

5

## MOTION IN LIMINE #1

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
Allegations that Michael Wilson was a "drug
dealer."
```

As grounds, the Defendant, MICHAEL WILSON, asserts:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Finally, such evidence, if portrayed as evidence of Wilson's character, would make the evidence impermissible character evidence, and would merely be presented to show propensity or conformity with the underlying alleged unlawful conduct. *See* Fed. R. Evid. 404(a). Furthermore, the evidence of this other act would be introduced for the improper purpose to prove Wilson's character and to show that on the date of executing the search warrant Wilson acted in accord with the character. *See* Fed. R. Evi. 404(b).

**MOTION IN LIMINE #2**

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
That drugs, currency, baggies, and drug
paraphernalia were found in the bedroom where
Wilson was located.
```

As grounds, the Defendant, MICHAEL WILSON, asserts:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Finally, such evidence, if portrayed as evidence of Wilson's character, would make the evidence impermissible character evidence, and would merely be presented to show propensity or conformity with the underlying alleged unlawful conduct. *See* Fed. R. Evid. 404(a). Furthermore, the evidence of this other act would be introduced for the improper purpose to prove Wilson's character and to show that on the date of executing the search warrant Wilson acted in accord with the character. *See* Fed. R. Evid. 404(b).

## **MOTION IN LIMINE #3**

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
Michael Wilson is a member of a white
supremacist organization.
```

As grounds, the Defendant, MICHAEL WILSON, would asserts

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Such evidence impermissibly comments on Wilson's protected constitutional rights of speech and association. U.S. Const. amend. I.

## **MOTION IN LIMINE #4**

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

> That various white supremacist type belongings, including, but not limited to, swastika emblems and tee shirts bearing the phrase "White Pride," were located in the bedroom where Michael Wilson was located.

As grounds, the Defendant, MICHAEL WILSON, would assert:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Such evidence impermissibly comments on Wilson's protected constitutional rights of speech and association. U.S. Const. amend. I.

## MOTION IN LIMINE #5

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
That Wilson made statements such as "Heil
Hitler."
```

As grounds, the Defendant, MICHAEL WILSON, would assert:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Such evidence impermissibly comments on Wilson's protected constitutional rights of speech and association. U.S. Const. amend. I.

## MOTION IN LIMINE #6

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
Photographs and social media postings which
show Michael Wilson with an array of tattoos
on his body, including a tattoo of the
separatist symbol "1488."⁴
```

As grounds, the Defendant, MICHAEL WILSON, would assert:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Such evidence impermissibly comments on Wilson's protected constitutional rights of speech and association. U.S. Const. amend. I.

---

⁴ According to the Anti-Defamation League, the "14" is purported to represent a fourteen worded quote by Nazi leader David Lane, who said "We must secure the existence of our people and a future for White Children." The number "88" is purported to represent the 8th alphabet, making 88 as "HH," a shorthand of "Heil Hitler." http://www.adl.org/combating-hate/hate-on-display/c/1488.html

## **MOTION IN LIMINE #7**

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
Photographs and social media postings that
show Michael Wilson wearing a mask.⁵
```

As grounds, the Defendant, MICHAEL WILSON, would assert:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Such evidence impermissibly comments on Wilson's protected constitutional rights of speech and association. U.S. Const. amend. I.

---

⁵ The masks, of the type appearing in the photo disclosed in discovery, have become associated with white supremacist garb.

**MOTION IN LIMINE #8**

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
Prior to being indicted, Michael Wilson
contacted potential witnesses.
```

As grounds, the Defendant, MICHAEL WILSON, would assert:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Such evidence impermissibly comments on Wilson's protected constitutional rights of speech and association. U.S. Const. amend. I.

**MOTION IN LIMINE #9**

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
After being indicted Michael Wilson contacted
potential witnesses.
```

As grounds, the Defendant, MICHAEL WILSON, would assert:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

3. Such evidence impermissibly comments on Wilson's protected constitutional rights of speech and association. U.S. Const. amend. I.

## **MOTION IN LIMINE #10**

The Defendant, MICHAEL WILSON, pursuant to Rule 12(b), Fed. R. Crim. P., moves to limit the evidence in this case by prohibiting the United States and any witness from presenting any testimony, argument, or evidence regarding the following:

```
That the firearm, which was found in the same
bedroom where Wilson was located, was stolen.
```

As grounds, the Defendant, MICHAEL WILSON, would assert:

1. Such evidence would not be relevant, as it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. In short, it does not prove or disprove a material fact of the crime for which the Defendant, MICHAEL WILSON, is charged. *See United States v. Matthews*, 431 F.3d 1296 (11th Cir. 2005).

2. Additionally, if it is determined that the evidence has some measure of relevance, such evidence is unfairly prejudicial against Defendant, MICHAEL WILSON, and any probative value of the evidence is substantially outweighed by the *danger* of this unfair prejudice, a confusion of the issues, misleading of the jury, or by potential considerations of under delay, waste of time, or the needless presentation of cumulative evidence (emphasis added). *See* Fed. R. Evid. 403; *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999); *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002).

Respectfully submitted this 27th day of September, 2016.

**IRVIN LAW FIRM**

/s/ *Grady C. Irvin, Jr.*
_____
Grady C. Irvin, Jr.
FBN: 0006548
6105-A Memorial Hwy., Suite 15
Tampa, Florida 33615
Telephone: 813.882.4900

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2016, a true and correct copy of the foregoing was provided via CM/ECF to: **Michael V. Leeman, AUSA,** United States Attorney, 400 N. Tampa St., Suite 3200, Tampa, Florida 33602.

**IRVIN LAW FIRM**

/s/ *Grady C. Irvin, Jr.*
_____
Grady C. Irvin, Jr.
FBN: 0006548
6105-A Memorial Hwy., Suite 15
Tampa, Florida 33615
Telephone: 813.882.4900