```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No. 8:16-cr-333-T-33MAP

MICHAEL WILSON
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Michael Wilson's Motion to Exclude Testimony and Evidence (Doc. # 32), filed on September 27, 2016. At the Court's request, the Government filed an expedited Response in Opposition to the Motion on September 29, 2016. (Doc. # 35). For the reasons that follow, the Motion in Limine is denied.

**I.   The Government's Case**

On December 11, 2015, a Pasco County SWAT team raided a trailer in the Moon Lake neighborhood of Pasco County, Florida. (Doc. # 35 at 3). The raid was conducted because "multiple people claimed that Michael Wilson was selling methamphetamine from the residence." (Id.). Michael Wilson, the Defendant in this case, is also known as "Moon Lake Mike," and he has been convicted of numerous felonies. The Superseding Indictment lists the following felonies: armed burglary in 1990, grand theft in 1990, leaving the scene of an accident involving injury in 1993, sale of cocaine in 2004,

possession of cocaine in 2004, aggravated fleeing and eluding in 2004, aggravated assault on a law enforcement officer in 2004, felonious possession of firearms in 2005, and fleeing and eluding in 2013. (Doc. # 18).

At the time of the raid, Defendant and his then-girlfriend, Robin Williams, were locked in a bedroom. In that room, in plain sight, law enforcement officers located the loaded firearm at issue in this case. The police also found digital scales, small baggies, marijuana, methamphetamine, safes, pipes, cash, two large knives bearing Nazi markings, and a drug ledger notebook labeled "Moon Lake Made." (Id.). The trailer was outfitted with a surveillance system. In addition, on the bedroom wall hung a tee shirt bearing the words: "White Pride World Wide." (Id. at 4).

Wilson has denied that he lived in the trailer. "Proving that Wilson maintained a presence at the trailer, and that the room he was found in was his own, is critical to the Government's case." (Id.). The Government intends to prove its case through the testimony of Defendant's ex-girlfriend, Williams, as well as through the testimony of Tabitha Higdon and Deke Capshaw, each of whom will testify that the bedroom was Wilson's. The Government also plans to prove that the bedroom in question is Wilson's bedroom by linking his white

supremacist affiliation to the "White Pride" tee shirt found in the trailer.

The Government intends to present evidence that Wilson is a drug dealer, that after the search, Wilson made threats against Williams, and that Wilson is a white supremacist.

## II. Legal Standard

The "federal rules favor admission of evidence over exclusion if the evidence has any probative value." United States v. King, 713 F.2d 627, 631 (11th Cir. 1983). In United States v. Tinoco, 304 F.3d 1088 (11th Cir. 2002), the court explained that "the standard for what constitutes relevant evidence is a low one." Federal Rule of Evidence 401 specifies that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." All relevant evidence is admissible, barring the application of an exclusionary rule. Fed. R. Evid. 402.

Rule 403, Fed. R. Evid., explains that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." "The major function of Rule 403 is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." King, 713 F.2d at 631. All relevant evidence is "inherently prejudicial;" Rule 403 is triggered by the prospect of "unfair prejudice." Id.

Extrinsic evidence of other crimes or acts may also be admissible if such evidence meets the requirements of Rule 404(b), Fed. R. Evid. That kind of evidence is not permitted to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Id. But such evidence may be used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Id. As demonstrated below, the challenged evidence meets the requirements of the relevant Rules of Evidence.

III. **Analysis**

Wilson is charged in a single count Superseding Indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. # 18). This is a constructive possession firearm case, as law enforcement did not find Wilson in direct physical possession of the firearm. (Doc. # 35 at 1, 4). Instead, law enforcement found the firearm in a bedroom where Wilson and

his ex-girlfriend were located during a search of a trailer.

The Government believes that Wilson will deny inhabiting the bedroom in which the firearm was located. The Government intends to utilize circumstantial evidence to show that Wilson occupied the bedroom where the firearm was located and possessed the firearm in question.

### A.   Drug Dealing Activity

More than one witness is ready to testify that Wilson is a drug dealer. For example, Ricky Fann knows Wilson because he supplied Wilson with methamphetamine for redistribution. Fann saw Wilson carrying a silver pistol like the one charged in the Superseding Indictment and "that Ricky Fann knew Wilson had a silver pistol is made more likely by the fact that they engaged in a drug business together." (Doc. # 35 at 10). Williams, the Defendant's ex-girlfriend, "is also able to identify the gun" as Wilson's firearm and will testify that "he brought it with him everywhere because he was paranoid that someone was going to rob him for his methamphetamine." (Id. at 5).

Evidence of drug dealing activity is relevant because it has a tendency to prove a fact at issue in the case. The Eleventh Circuit has specifically recognized that "drugs and guns go together like peas and carrots." United States v. Lopez, 649 F.3d 1222, 1242 (11th Cir. 2011); see also United

States v. Hromada, 49 F.3d 685, 689 (11th Cir. 1995)("Guns and violence go hand-in-hand with illegal drug operations."); United States v. Martin, 794 F.2d 1531, 1533 (11th Cir. 1986)(guns are "tools of the trade" in drug trafficking).

Evidence of drug dealing activity is also permissible when judged against Rule 403. Rule 403 is an "extraordinary remedy which should be used sparingly" because it results in the exclusion of probative evidence. King, 713 F.2d at 631. The Government's witnesses will testify that they observed Wilson with a gun in connection with drug dealing activities. Without being able to explain the context for how they know Wilson or how they saw him with the gun, their factual accounts will have gaps that may leave the jury wondering whether the witnesses are telling the truth or had the opportunity to make an accurate observation.

The probative value of the testimony regarding the drug activities is high and the Court finds that it outweighs any unfair prejudice that Defendant might face in connection with the introduction of the evidence.

The factually similar Thomas case also explains that the drug dealing activities in this case are intrinsic evidence, such that the Court need not apply Rule 404(b): "the policies underlying Rule 404(b) are inapplicable when some of the offenses committed as part of a single criminal episode become

'other acts' merely because the defendant is not indicted for all of his actions." United States v. Thomas, 242 F.3d 1028, 1032-33 (11th Cir. 2001)("The evidence of Thomas' drug trafficking was admitted to prove knowing possession of the firearms, not character."). And, even if the Court were to evaluate the evidence under the prism of Rule 404(b), the Court finds that introduction of the drug dealing evidence is permissible under that Rule.

To introduce Rule 404(b) evidence, the government must show (1) a proper purpose for it; (2) that the prior act occurred and the defendant was the actor; and (3) the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. United States v. Cancelliere, 69 F.3d 1116, 1124 (11th Cir. 1995).

The Government carries the burden of proving that Defendant knowingly possessed the gun. The drug dealing evidence's permissible purpose is to show knowledge, identity, and motive. It will not be introduced for an improper purpose. In addition, the Government has witnesses that will testify as to the drug dealing activities showing that Defendant is the actor. And, the Court has already found that the evidence is not unfairly prejudicial in its Rule 403 evaluation.

7

### B. White Supremacist Evidence

The two Nazi knives and the "white pride" tee shirt are relevant items of evidence. The Government has evidence that Wilson is affiliated with a white supremacist organization. Wilson denies that he inhabited the trailer where the gun was found, but there were multiple white supremacist items in the bedroom of the trailer. "Wilson's membership in the group tends to make it more likely that the belongings were his, that he lived there, and that other items found there were his as well." (Doc. # 35 at 11).

Moving on to Rule 403, the Court cannot deny that the white supremacist evidence is potentially inflammatory. However, as stated by the court in United States v. Terzado-Madruga, 897 F.2d 1099, 1119 (11th Cir. 1990), "All evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to the defendant."

Wilson has failed to persuade the Court that the evidence in question is of such a character that its probative value is substantially outweighed by the dangers of unfair prejudice. The Eleventh Circuit approved introduction of relevant evidence regarding a white supremacist affiliation. See United States v. Mills, 704 F.2d 1553 (11th Cir. 1983)(evidence regarding practices of Aryan Brotherhood not unduly prejudicial in Rule 403 balancing test); United States v.

8

Lehder-Rivas, 955 F.2d 1510 (11th Cir. 1992)(evidence that Defendant idolized Hitler and the Third Reich was "of considerable probative value in proving [defendant's] motives" and was not outweighed by undue prejudice.).

In determining that it is appropriate to allow introduction of the "white pride" tee shirt, the Nazi knives, and Defendant's affiliation with a white supremacist organization, the Court carefully evaluates United States v. Bowman, 302 F.3d 1228 (11th Cir. 2002). There, the trial court refused to redact a "whites-only" rule in the constitution of the Defendant's motorcycle organization. The Eleventh Circuit determined that the trial court should not have allowed that evidence to reach the jury:

> The uneasy racial history of criminal law in the United States has yielded a simple rule-of-thumb: There is no place in a criminal prosecution for gratuitous references to race, especially when a defendant's life hangs in the balance. Elementary concepts of equal protection and due process alike forbid a prosecutor to seek to procure a verdict on the basis of racial animosity.

Id. The Eleventh Circuit also highlighted the prosecution's duty to "avoid[] the possibility that the jury's verdict might by clouded by racial issues." Id.

Unlike the racial evidence in Bowman, which was found to be gratuitous, the evidence in this case is indispensable and is essential to the prosecution's case. As stated by the

Government, "[e]xtremely provocative evidence is still admissible under 403, if it's important enough to the prosecution's case." (Doc. # 35 at 7).

The white supremacist evidence also passes muster under Rule 404(b), Fed. R. Evid. The Government has assured that it will not use the evidence to suggest that Wilson acted in conformity with a white supremacist organization in this case. There will be no testimony about racist motives or incidents, and there will be no testimony about the criminal workings of the association. The sole reason to introduce the evidence is to link Wilson to the room where the gun was found by law enforcement. The evidence is "quintessential 404(b) evidence used to prove identity." (Doc. # 35 at 16).

### C. Witness Intimidation Evidence

The last category of challenged evidence is witness intimidation by Defendant. The Government plans to call Williams, the Defendant's ex-girlfriend, to testify that the Defendant personally threatened to have her "hog-tied" and brought to him as a result of her cooperation with law enforcement, that there was a bounty on her head, and other threatening language.

Here, the Court finds the evidence that Defendant made threats against his ex-girlfriend to be relevant evidence. "Courts may consider evidence of threats to witnesses as

relevant in showing consciousness of guilt." United States v. Gonzalez, 703 F.2d 1222, 1223 (11th Cir. 1983). The Court also finds that the probative value of the threat evidence is not substantially outweighed by any danger of unfair prejudice.

Finally, the Court determines that the evidence is proper 404(b) evidence. Here, the Government does not plan to use the evidence to show that Defendant was a threatening person and therefore is more likely to own a gun. Instead, the Government will use the evidence for a proper purpose: to show that "Wilson was worried about going to prison based on Robin Williams's knowledge and testimony, and that he took steps to prevent her from working with authorities." (Doc. # 35 at 16-17). Similarly, in United States v. Smith, 352 Fed. Appx. 387, 390 (11th Cir. 2009), a defendant's statement about "cooking a steak," which was interpreted to mean killing a Government witness, was admitted to show consciousness of guilt over a Rule 404(b) objection. "Courts may consider evidence of threats to witnesses as relevant in showing consciousness of guilt under Rule 404(b)." United States v. Baker, 432 F.3d 1189, 1220 (11th Cir. 2005).

Evidence of threats to witnesses is a "close call" under Rule 404(b). Smith, 352 Fed. Appx. at 389. Nevertheless, the Court determines that it is admissible in this case because it

11

will be used to show consciousness of guilt, as opposed to character. In addition, as with all other evidence of other acts, the Court will provide a limiting instruction (at the appropriate juncture and at counsel's request) when such evidence is introduced so that the jury will understand the purpose of the evidence. And, "the law assumes that jurors follow their instructions." Smith, 352 Fed. Appx. at 390.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Michael Wilson's Motion to Exclude Testimony and Evidence (Doc. # 32) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of September, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE